UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEPHEN F. FRYER,
    PLAINTIFF,

V.

A.S.A.P. FIRE AND SAFETY
CORPORATION, INC., JOSEPH
SHEEDY AND BRIAN COTE,
    DEFENDANTS.

CIVIL ACTION NO.
09-10178-MBB

## VERDICT FORM

I. **USERRA CLAIMS**

A. **DISCRIMINATION CLAIM**

    1. REFERRING YOU TO THE INSTRUCTIONS ON THE USERRA DISCRIMINATION CLAIM, DO YOU FIND THAT THE PLAINTIFF PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT HIS MILITARY MEMBERSHIP OR SERVICE WAS A MOTIVATING OR SUBSTANTIAL FACTOR IN THE EMPLOYMENT ACTION TAKEN BY ASAP?

ANSWER: ___✓___ (yes) or no).
        yes

    If your answer to question number one is yes, proceed to answer question two. If your answer to question number one is no, proceed to question number four.

    2. DO YOU FIND THAT ASAP PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT IT WOULD HAVE TAKEN THE EMPLOYMENT ACTION ANYWAY

DESPITE THE PROTECTED STATUS OF THE PLAINTIFF?

ANSWER: **No** (yes or no).

If your answer to question number two is no, proceed to answer question three. If your answer to question number two is yes, proceed to question number four.

3. DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT EITHER SHEEDY AND/OR COTE ARE LIABLE TO THE PLAINTIFF UNDER THIS USERRA DISCRIMINATION CLAIM?

SHEEDY: **yes** (yes or no).

COTE: **yes** (yes or no).

Proceed to the next question.

B. **RETALIATION CLAIM**

4. DO YOU FIND THAT THE PLAINTIFF HAS ESTABLISHED, BY A PREPONDERANCE OF THE EVIDENCE, ALL OF THE NECESSARY ELEMENTS OF HIS RETALIATION CLAIM BROUGHT UNDER USERRA?

ANSWER: **yes** (yes or no).

If your answer to question number four is yes, proceed to answer question five. If your answer to question number four is

2

no, proceed to question number seven.

5. DO YOU FIND THAT ASAP PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT IT WOULD HAVE TAKEN THE ADVERSE EMPLOYMENT ACTION ANYWAY WITHOUT REGARD TO THE PLAINTIFF'S PROTECTED ACTIVITY?
ANSWER: __NO__ (yes or no).

If your answer to question number five is no, proceed to answer question six. If your answer to question number five is yes, proceed to question number seven.

6. DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT EITHER SHEEDY AND/OR COTE ARE LIABLE TO THE PLAINTIFF UNDER THIS USERRA RETALIATION CLAIM?
SHEEDY: __yes__ (yes or no).
COTE: __yes__ (yes or no).

Proceed to the next question.

C. <u>REEMPLOYMENT CLAIM</u>

7. DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT THE PLAINTIFF PROVED HE MET THE ELIGIBILITY REQUIREMENTS OF HIS USERRA RIGHT TO REEMPLOYMENT CLAIM?

ANSWER: yes (yes or no).

If your answer to question number seven is yes, proceed to answer question eight. If your answer to question number seven is no, proceed to question number ten.

8. DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT ASAP DID NOT PROMPTLY REEMPLOY THE PLAINTIFF IN THE APPLICABLE REEMPLOYMENT POSITION FOR WHICH HE WAS QUALIFIED TO PERFORM THE DUTIES?

ANSWER: yes (yes or no).

If your answer to question number eight is yes, proceed to answer question nine. If your answer to question number eight is no, proceed to question number ten.

9. DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT EITHER SHEEDY AND/OR COTE ARE LIABLE TO THE PLAINTIFF UNDER THIS USERRA REEMPLOYMENT CLAIM?

SHEEDY: yes (yes or no).
COTE: yes (yes or no).

Proceed to the next question.

D. **DISCHARGE CLAIM**

   10. DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT ASAP DISCHARGED THE PLAINTIFF IN OCTOBER 2008 FOR CAUSE? ANSWER: __NO__ (yes or no).

   If you answer to question number ten is no, proceed to answer question 11. If your answer to question number ten is yes, proceed to the directions immediately before question number 12.

   11. DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT EITHER SHEEDY AND/OR COTE ARE LIABLE TO THE PLAINTIFF UNDER THIS USERRA DISCHARGE CLAIM?
   SHEEDY: __yes__ (yes or no).
   COTE: __yes__ (yes or no).

   If you answered question number two no or question number five no or question number eight yes and/or question number ten no, proceed to answer the following question. Otherwise, proceed to question number 14.

   12. REFERRING TO THE REQUIREMENTS SET FORTH IN THE

5

INSTRUCTION ON DAMAGES UNDER USERRA, WHAT AMOUNT OF BACK PAY, CONSISTING OF LOST WAGES AND BENEFITS, IF ANY, DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE WILL FAIRLY AND REASONABLY COMPENSATE THE PLAINTIFF?

ANSWER: $ 42,234.

Proceed to the next question.

13. REFERRING YOU TO THE REQUIREMENTS SET FORTH IN THE INSTRUCTION ON LIQUIDATED DAMAGES UNDER USERRA, DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT ASAP, SHEEDY AND/OR COTE ACTED WILFULLY?

ASAP: yes (yes or no).
SHEEDY: yes (yes or no).
COTE: yes (yes or no).

Proceed to the next question.

II. **MASSACHUSETTS WAGE ACT CLAIM**

14. DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT ASAP FAILED TO PAY THE PLAINTIFF COMMISSIONS WHICH HAVE BEEN DEFINITELY DETERMINED AND HAVE BECOME DUE AND PAYABLE?

ANSWER: yes (yes or no).

6

If your answer to question number 14 is yes, proceed to answer question number 15. If your answer to question number 14 is no, proceed to question number 19.

15. DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT EITHER SHEEDY AND/OR COTE ARE LIABLE TO THE PLAINTIFF UNDER THIS MASSACHUSETTS WAGE ACT CLAIM?

SHEEDY: _yes_ (yes or no).

COTE: _yes_ (yes or no).

Proceed to the next question.

16. REFERRING TO THE REQUIREMENTS SET FORTH IN THE INSTRUCTION ON DAMAGES UNDER THE MASSACHUSETTS WAGE ACT CLAIM, WHAT AMOUNT OF MONEY, IF ANY, DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE WILL COMPENSATE THE PLAINTIFF FOR THE COMMISSIONS THAT WERE DEFINITELY DETERMINABLE BEFORE JULY 13, 2008?

ANSWER: $ _610.00_

Proceed to the next question if you awarded a monetary amount in answer to question number 16. Otherwise, proceed to question number 18.

17. DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT THE VIOLATION, IF ANY, ON THE PART OF ASAP, SHEEDY AND/OR COTE WITH RESPECT TO COMMISSIONS THAT WERE DEFINITELY DETERMINABLE BEFORE JULY 13, 2008, WAS WILFUL AND OUTRAGEOUS, BECAUSE OF THE DEFENDANT'S RECKLESS INDIFFERENCE TO THE RIGHTS OF OTHERS?

ASAP: __NO__ (yes or no).

SHEEDY: __NO__ (yes or no).

COTE: __NO__ (yes or no).

Proceed to the next question.

18. REFERRING TO THE REQUIREMENTS SET FORTH IN THE INSTRUCTION ON DAMAGES UNDER THE MASSACHUSETTS WAGE ACT CLAIM, WHAT AMOUNT OF MONEY, IF ANY, DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE WILL COMPENSATE THE PLAINTIFF FOR THE COMMISSIONS THAT WERE DEFINITELY DETERMINABLE AFTER JULY 13, 2008?

ANSWER: $ __4,650__

Proceed to the next question.

III. MASSACHUSETTS OVERTIME STATUTE CLAIM

19. DO YOU FIND THAT THE PLAINTIFF PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT ASAP FAILED TO PAY THE

8

PLAINTIFF OVERTIME IN VIOLATION OF THE MASSACHUSETTS OVERTIME STATUTE?

ANSWER: _yes_ (yes or no).

If your answer to question number 19 is yes, proceed to answer question number 20. If your answer to question number 19 is no, proceed to question number 22.

20. DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT EITHER SHEEDY AND/OR COTE ARE LIABLE TO THE PLAINTIFF UNDER THE MASSACHUSETTS OVERTIME STATUTE?

SHEEDY: _NO_ (yes or no).
COTE: _NO_ (yes or no).

Proceed to the next question.

21. REFERRING TO THE REQUIREMENTS SET FORTH IN THE INSTRUCTION ON DAMAGES UNDER THE MASSACHUSETTS OVERTIME STATUTE, WHAT AMOUNT OF MONEY, IF ANY, DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE WILL FAIRLY AND REASONABLY COMPENSATE THE PLAINTIFF FOR THE OVERTIME HOURS AND TRANSPORTATION EXPENSES?

ANSWER: $ _4,240_

9

Proceed to the next question.

IV.  **MASSACHUSETTS ANTIDISCRIMINATION STATUTE CLAIMS**

A.  **DISCRIMINATION CLAIM**

22. DO YOU FIND THAT THE PLAINTIFF PROVED BY A PREPONDERANCE OF THE EVIDENCE ALL OF THE NECESSARY ELEMENTS OF HIS DISCRIMINATION CLAIM AGAINST ASAP BROUGHT UNDER THE MASSACHUSETTS ANTIDISCRIMINATION STATUTE?

ANSWER: _yes_ (yes or no).

If your answer to question number 22 is yes, proceed to answer question 23. If your answer to question number 22 is no, proceed to question number 24.

23. DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT EITHER SHEEDY AND/OR COTE ARE LIABLE TO THE PLAINTIFF ON THE DISCRIMINATION CLAIM UNDER THE MASSACHUSETTS ANTIDISCRIMINATION STATUTE?

SHEEDY: _yes_ (yes or no).
COTE: _yes_ (yes or no).

Proceed to the next question.

B. **RETALIATION CLAIM**

24. DO YOU FIND THAT THE PLAINTIFF PROVED BY A PREPONDERANCE OF THE EVIDENCE ALL OF THE NECESSARY ELEMENTS OF HIS RETALIATION CLAIM AGAINST ASAP BROUGHT UNDER THE MASSACHUSETTS ANTIDISCRIMINATION STATUTE?

ANSWER: _yes_ (yes or no).

If your answer to question number 24 is yes, proceed to answer question 25. If your answer to question number 24 is no, proceed to the directions immediately before question number 26.

25. DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT EITHER SHEEDY AND/OR COTE ARE LIABLE TO THE PLAINTIFF ON THE RETALIATION CLAIM UNDER THE MASSACHUSETTS ANTIDISCRIMINATION STATUTE?

SHEEDY: _yes_ (yes or no).
COTE: _yes_ (yes or no).

If your answer to question number 22 and/or question number 24 is yes, proceed to answer question number 26. Otherwise, do not answer the remaining questions.

26. REFERRING TO THE REQUIREMENTS SET FORTH IN THE

INSTRUCTION ON DAMAGES UNDER THE MASSACHUSETTS ANTIDISCRIMINATION STATUTE, WHAT AMOUNT OF BACK PAY, IF ANY, DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE WILL FAIRLY AND REASONABLY COMPENSATE THE PLAINTIFF?

ANSWER: $ 0

Proceed to the next question.

27. REFERRING TO THE REQUIREMENTS SET FORTH IN THE INSTRUCTION ON DAMAGES UNDER THE MASSACHUSETTS ANTIDISCRIMINATION STATUTE, WHAT AMOUNT OF FRONT PAY, IF ANY, DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE WILL FAIRLY AND REASONABLY COMPENSATE THE PLAINTIFF?

ANSWER: $ 105,000

Proceed to the next question.

28. REFERRING TO THE REQUIREMENTS SET FORTH IN THE INSTRUCTION ON DAMAGES UNDER THE MASSACHUSETTS ANTIDISCRIMINATION STATUTE, DO YOU FIND THAT THE PLAINTIFF IS ENTITLED TO RECEIVE EMOTIONAL DISTRESS DAMAGES?

ANSWER: Yes (yes or no).

If your answer to question number 28 is yes, proceed to answer question number 29. If your answer to question number 28 is no, proceed to the directions immediately proceeding question number 30.


29. REFERRING TO THE REQUIREMENTS SET FORTH IN THE INSTRUCTION ON DAMAGES UNDER THE MASSACHUSETTS ANTIDISCRIMINATION STATUTE, WHAT AMOUNT Of MONEY, IF ANY, DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE WILL FAIRLY AND REASONABLY COMPENSATE THE PLAINTIFF FOR HIS EMOTIONAL DISTRESS?
ANSWER: $ _289,000_


If your answer to question number 22 and/or 24 is yes, proceed to answer question number 31. Otherwise, do not answer the remaining questions.


30. REFERRING TO THE REQUIREMENTS SET FORTH IN THE PUNITIVE DAMAGES INSTRUCTION, DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT THE VIOLATION, IF ANY, ON THE PART OF ASAP, SHEEDY AND/OR COTE WITH RESPECT TO THE DISCRIMINATION OR RETALIATION CLAIMS UNDER THE MASSACHUSETTS ANTIDISCRIMINATION STATUTE WAS SO OUTRAGEOUS OR EGREGIOUS THAT PUNITIVE DAMAGES ARE WARRANTED?
ASAP: _____ (yes or no).

SHEEDY: \_\_\_\_\_ (yes or no).

COTE: \_\_\_\_\_ (yes or no).

Proceed to the next question is you answered yes with respect to any of the foregoing three parties. Otherwise, do not answer this last question.

31. REFERRING TO THE REQUIREMENTS SET FORTH IN THE PUNITIVE DAMAGES INSTRUCTION, WHAT AMOUNT OF PUNITIVE DAMAGES, IF ANY, DO YOU FIND DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE?

ANSWER: $ __0__.

_____
FOREPERSON OF THE JURY

DATE: 11/24/09