```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

STEPHEN F. FRYER,
    Plaintiff,


    V.                                                        CIVIL ACTION NO.
                                                                    09-10178-MBB

A.S.A.P. FIRE AND SAFETY
CORPORATION, INC., JOSEPH
SHEEDY AND BRIAN COTE,
    Defendants.

**MEMORANDUM AND ORDER RE:**
**PLAINTIFF'S SECOND MOTION FOR ATTORNEY FEES AND**
**FOR POST-TRIAL INTEREST ON THE FEES (DOCKET**
**ENTRY # 82); PLAINTIFF'S MOTION TO CORRECT**
**INTEREST AWARDED (DOCKET ENTRY # 85); DEFENDANT**
**A.S.A.P. AND SAFETY CORPORATION, INC.'S, DEFENDANT**
**JOSEPH SHEEDY'S AND DEFENDANT BRIAN COTE'S MOTION**
**TO CORRECT A CLERICAL MISTAKE AND/OR MISTAKE**
**PURSUANT TO RULE 60**
<u>**(DOCKET ENTRY # 87)**</u>

**December 15, 2010**

**BOWLER, U.S.M.J.**

    In two post trial motions, the parties seek to correct a mistake in the calculation of postjudgment interest on an attorneys' fee award of $178,144.28 under Rule 60, Fed. R. Civ. P. ("Rule 60"). (Docket Entry ## 85 & 87). The mistake at issue generates a discrepancy in amount of less than $700. A hearing on the above motions is not necessary.

    Plaintiff Stephen F. Fryer ("plaintiff") also moves for a supplemental award of attorneys' fees in the amount of $21,707.50

and postjudgment interest on such fees. (Docket Entry # 82)
Prior to addressing the unopposed motion for supplemental fees, this court turns to the motions seeking to correct the mistakes relative to postjudgment interest on the initial $178,144.28 fee award.

BACKGROUND

On December 7, 2009, plaintiff filed a motion seeking postjudgment interest as well as prejudgment interest. (Docket Entry # 45). The motion sought postjudgment interest on the entire award rendered by the jury and this court "including any attorney fees awarded."[1] (Docket Entry # 45). Defendants A.S.A.P. Fire and Safety Corporation, Inc., Joseph Sheedy and Brian Cote ("defendants") did not oppose the motion.

On the same day, plaintiff filed the first motion for attorneys' fees (Docket Entry # 46) which defendants opposed (Docket Entry # 52). Neither the motion for attorneys' fees (Docket Entry # 46) nor the opposition (Docket Entry # 52) addressed the issue of the applicable interest rate and accrual date for postjudgment interest on any attorneys' fee award.

In a January 25, 2010 Memorandum and Order, this court allowed the motion for interest. (Docket Entry # 56). As to

---

[1] Except for quoting 28 U.S.C. § 1961 ("section 1961"), the motion did not articulate the accrual date for postjudgment interest on an attorneys' fee award.

postjudgment interest, this court directed that the final judgment include postjudgment interest at the applicable rate. (Docket Entry # 56).[2]  Notwithstanding this direction, the January 25, 2010 final judgment erroneously reflected a postjudgment interest rate of .41%.  (Docket Entry # 58).  The correct rate in effect for the calendar week preceding the January 25, 2010 judgment was .31%.  The January 25, 2010 Memorandum and Order also advised the parties that, "[T]his court will address the applicable interest, if any, on any attorneys' fees at the time this court addresses the post trial motion for attorneys' fees and the applicable postjudgment interest on those fees."  (Docket Entry # 56).  After issuance of the January 25, 2010 Memorandum and Order, the parties did not seek leave of court to address the rate of postjudgment interest or the accrual date relative to an award of postjudgment interest on attorneys' fees.

On November 4, 2010, this court awarded plaintiff $178,144.28 in attorneys' fees and costs.  This court also awarded plaintiff $69,237.12 in postjudgment interest calculated at the rate of .41% beginning on November 24, 2009, the day the jury rendered the verdict.  (Docket Entry # 84).  Due to errors in the calculation and the rate of postjudgment interest in the November 4, 2010 opinion, plaintiff asks this court to

---

[2] The opinion referenced section 1961(a).

3

recalculate the postjudgment interest on the attorneys' fee award. Plaintiff correctly points out that the postjudgment interest rate for the week preceding the January 25, 2010 final judgment was .31%.[3] (Docket Entry # 85). Defendants agree that this court miscalculated the postjudgment interest award and request a reduction of the $69,237.12 award to $692.37 to reflect the correct arithmetic calculation ($178,144.28 x .41% = $692.37). (Docket Entry # 87). Defendants do not address the error in the postjudgment interest rate or the accrual date for postjudgment interest on the attorneys' fee award.

## DISCUSSION

Plaintiff presently moves for a recalculation of the postjudgment interest on the $178,144.28 award of attorneys' fees. (Docket Entry # 85). In addition to the incorrect interest rate, the issue therefore involves whether the November 4, 2010 Memorandum and Order incorrectly calculated the amount ($69,237.12) and properly set the accrual date as the date of the jury verdict (November 24, 2009).

In pertinent part, section 1961 reads:

---

[3] Plaintiff does not explicitly move to correct the erroneous .41% postjudgment interest rate in the final judgment. Defendants likewise do not request a correction. Where, as here, an appeal is pending, this court may only "correct a clerical mistake or a mistake arising from oversight . . . with the appellate court's leave." Rule 60(a), Fed. R. Civ. P.

> Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

28 U.S.C.A. § 1961. The statutory language using the word "judgment" establishes that it is a judgment as opposed to a jury *verdict* that provides the applicable date to calculate postjudgment interest on a verdict. See Kaiser Aluminum & Chemical Corp. v. Bonjorno, 494 U.S. 827, 835 (1990) (both prior and amended versions of section 1961 refer to "date of judgment" thereby indicating "a date certain" and "neither alludes to the date of the verdict");[4] Foley v. City of Lowell, Mass., 948 F.2d

---

[4] The Court in Kaiser addressed postjudgment interest on a jury award as opposed to upon an attorneys' fee award. The Court reasoned that:

> Both the original and the amended versions of § 1961 refer specifically to the "date of judgment," which indicates a date certain. Neither alludes to the date of the verdict, and there is no legislative history that would indicate congressional intent that interest run from the date of verdict rather than the date of judgment. Even though denial of interest from verdict to judgment may result in the plaintiff bearing the burden of the loss of the use of the money from verdict to judgment, the allocation of the costs accruing from litigation is a matter for the legislature, not the courts. See Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 271, 95 S.Ct. 1612, 1628, 44 L.Ed.2d 141 (1975). In light of the plain language and the absence of legislative intent to the contrary, we conclude that postjudgment interest properly runs from the date of the entry of judgment.

Kaiser Aluminum & Chemical Corp. v. Bonjorno, 494 U.S. at 835.

10, 22 (1st Cir. 1991) ("appropriate date for calculation of postjudgment interest on award of damages is date of judgment, not date of verdict") (paraphrasing Kaiser, 494 U.S. at 835, in parenthetical). Likewise, use of the term "money judgment" demonstrates that "section 1961(a) does not provide for interest until a money judgment has been entered." Happy Chef Systems, Inc. v. John Hancock Mut. Life Ins. Co., 933 F.2d 1433, 1437 (8th Cir. 1991) (rejecting date the court rendered judgment on liability as applicable accrual date for postjudgment interest); see also Radford Trust v. First Unum Life Ins. Co. of America, 491 F.3d 21, 24 (1st Cir. 2007) ("finding of liability alone without a corresponding determination on damages does not suffice to start the clock on postjudgment interest") (citing Happy Chef Sys., Inc. v. John Hancock Mut. Life Ins. Co., 933 F.2d at 1435). "The existence of a 'money judgment'" under section 1961(a) "requires damages to have been ascertained in a 'meaningful way.'" Radford Trust v. First Unum Life Ins. Co. of America, 491 F.3d at 24; accord Fiorentino v. Rio Mar Associates LP, SE, 2010 WL 4908087, *3 (1st Cir. Dec. 2, 2010) (same; quoting Kaiser, 494 U.S. at 836).

Using this reasoning and the language of section 1961, the accrual date for postjudgment interest on an attorneys' fee award is not the date of the verdict. Rather, it is either the date of

6

the merits judgment or the date of the quantum judgment.[5] Use of the November 24, 2009 date as the accrual date for postjudgment interest on the attorneys' fee award was an error.

A circuit split exists as to whether postjudgment interest on an attorneys' fee award runs from the date of the merits judgment or the date of the quantum judgment. See Haddad Motor Group, Inc. v. Karp, Ackerman, Skabowski & Hogan, P.C., 716 F.Supp.2d 161, 162 (D.Mass. 2010). Courts in this district calculate fees from the date of the merits judgment. See Id. (this district "has consistently followed the majority rule and held that interest is to accrue as of the date of the merits judgment entitling the prevailing party to attorney's fees") (collecting cases in this district and in other circuits); McDonough v. City of Quincy, 353 F.Supp.2d 179, 192 & n.12 (D.Mass. 2005); Mogilevsky v. Bally Total Fitness Corp., 311 F.Supp.2d 212, 224 (D.Mass. 2004). The issue is one of first impression in the First Circuit. See Radford Trust v. First Unum Life Ins. Co. of America, 491 F.3d at 24 ("[t]his court has never ruled" on the issue of "whether postjudgment interest on attorneys' fees accrues when the entitlement to fees is established or when the amount of the fees is quantified"); Foley

---

[5] A "'merits judgment' . . . grants the prevailing party the right to recover attorney's fees" whereas "the 'exact quantum judgment' . . . defines the precise amount of the fee award." McDonough v. City of Quincy, 353 F.Supp.2d 179, 192 n.12 (D.Mass. 2005).

v. City of Lowell, 948 F.2d at 22 n.16.

Neither plaintiff nor defendants, however, request that postjudgment interest on the attorneys' fee award run from the date when this court quantified the amount of fees (November 4, 2010).[6] Defendants only ask for a recalculation of the arithmetic error in calculating the postjudgment interest on the $178,144.28 award. In fact, defendants never addressed or raised the issue of the correct accrual date from which to calculate

---

[6] The Third, Seventh and Tenth Circuits adhere to this approach. The approach uses the date of the quantum judgment reasoning that there is no "money judgment" within the meaning of section 1961(a) until quantification of the fee award in a judgment. See Eaves v. County of Cape May, 239 F.3d 527, 534-542 & nn. 8 & 14 (3rd Cir. 2001) ("we hold that pursuant to 28 U.S.C. § 1961(a), post-judgment interest on an attorney's fee award runs from the date that the District Court enters a judgment quantifying the amount of fees . . . rather than the date that the Court finds that the party is entitled to recover fees, if those determinations are made separately"); MidAmerica Federal Savings & Loan Ass'n v. Shearson/American Exp., Inc., 962 F.2d 1470, 1476 (10th Cir. 1992) ("postjudgment interest began to accrue on April 22, 1991, the date the fees were meaningfully ascertained and included in a final, appealable judgment"); see generally Fleming v. County of Kane, 898 F.2d 553, 565 (7th Cir. 1990). In a recent decision, the Third Circuit criticized but nevertheless reaffirmed the Eaves decision. See Travelers Cas. and Sur. Co. v. Insurance Co. of North America, 609 F.3d 143, 175 (3rd Cir. 2010) ("Eaves requires us to read § 1961(a) as providing that, as a general matter, post-judgment interest on a particular award only starts running when a judgment quantifying that award has been entered" while also noting "there is much to criticize in Eaves"). An award of fees no longer requires a judgment on a separate document. See Rule 58(a)(3), Fed. R. Civ. P.; see also Rule 54(d)(2)(C), Fed. R. Civ. P., Advisory Committee Notes, 2002 Amendments; Rule 54(a), Fed. R. Civ. P. (defining "judgment" as "any order from which an appeal lies"); cf. Mullane v. Chambers, 333 F.3d 322, 336 & n. 12 (1st Cir. 2003) (noting change accomplished in 2002 amendments to Rule 58).

8

postjudgment interest on an attorneys' fee award. Plaintiff only identifies as options the January 25, 2010 final judgment and the November 24, 2009 date of the jury verdict. The issue of whether to apply postjudgment interest on the attorneys' fee award beginning on the quantum judgment date is therefore waived. See Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 260 (1st Cir. 1999) ("district court is free to disregard arguments that are not adequately developed"); see also Vallejo v. Santini-Padilla, 607 F.3d 1, 7 (1st Cir. 2010) ("[p]laintiffs have not cited a single authority in support of their assertion that their failure to timely oppose the motion to dismiss did not constitute waiver, and their claim that the argument could not have been raised until after the sanction had been imposed is completely meritless"); U.S. v. Dyer, 589 F.3d 520, 527 (1st Cir. 2009) (before "district court, Dyer never used the term 'specific intent' to set forth the legal requirements for applying § 2G2.4(c)(2), and has waived the argument"); In re Pharmaceutical Industry Average Wholesale Price Litigation, 588 F.3d 24, 31, (1st Cir. 2009) ("district court properly held that anything raised in [prior] pleading that Howe did not explain in the reply brief was waived").

In light of defendants' waiver and plaintiff's requests to apply postjudgment interest "upon entry of final judgment . . . including any attorney fees awarded" (Docket Entry # 45) and to

9

calculate interest on attorneys' fees "from the date of 'entry of judgment'" (Docket Entry # 85, ¶ 4), the majority approach using the merits judgment applies. Under this approach, postjudgment interest on an attorneys' fee "award runs from the date that the district court enters a judgment finding that the prevailing party is entitled to such an award, or from the date that, by operation of law, the prevailing plaintiff becomes entitled to fees, even if the amount of the award is not fixed in that judgment." Eaves v. County of Cape May, 239 F.3d 527, 531 (3rd 2001) (summarizing majority approach but adhering to minority quantum judgment approach). Under the majority approach where, as here, the merits judgment "does not mention the right to attorneys' fees and the prevailing party is unconditionally entitled to such fees by statutory right, interest will accrue from the date of judgment." Copper Liquor, Inc. v. Adolph Coors Co., 701 F.2d 542, 545 (5th Cir. 1983), overruled on other grounds, International Woodworkers of America, AFL-CIO and its Local No. 5-376 v. Champion Intern. Corp., 790 F.2d 1174 (5th Cir. 1986). If, however, "allowance of fees[] is within the discretion of the court, interest will accrue only from the date the court recognizes the right to such fees in a judgment." Id. (comma omitted).

The money judgment of January 25, 2010, sets out liability damages ascertained in a meaningful way. See generally Radford

10

Trust v. First Unum Life Ins. Co. of America, 491 F.3d at 24.
It did not, however, expressly include an award of attorneys' fees or, to state the obvious, quantify any such amount. Plaintiff was nonetheless unequivocally entitled to an award of attorneys' fees as a prevailing employee with respect to his claims for unpaid sales commissions under section 148 of Massachusetts General Laws chapter 149. See Mass. Gen. Law ch. 149, § 150 ("employee claiming to be aggrieved by a violation of section 148 . . . who prevails . . . *shall* be entitled to an award of the costs of the litigation and reasonable attorney fees") (emphasis added). Plaintiff was also entitled to attorneys' fees under the mandatory fee provision applicable to his claim for unpaid overtime wages under sections 1A and 1B of Massachusetts General Laws chapter 151. See Mass. Gen. Law ch. 151, § 1B (effective July 12, 2008) ("employee so aggrieved who prevails . . . *shall* also be awarded the costs of the litigation and reasonable attorneys' fees") (emphasis added). The jury's findings in plaintiff's favor on all four claims under Massachusetts General Laws chapter 151B, section nine, also presumptively entitled him to an award of attorney's fees.[7] See

---

[7] The jury verdict on all four claims under the Uniformed Services Employment Act, 38 U.S.C. §§ 4311 et seq., commonly known as USERRA, allows for a discretionary award of attorneys' fees. See 38 U.S.C. § 4323(h)(2) (in any action brought by person to enforce "subsection (a)(2) who obtained private counsel for such action or proceeding, the court *may* award any such person who prevails in such action or proceeding reasonable

Mass. Gen. L. ch. 151B, § 9 (if "court finds for the petitioner it *shall*, in addition to any other relief and irrespective of the amount in controversy, award the petitioner reasonable attorney's fees and costs unless special circumstances would render such an award unjust") (emphasis added). Adhering to the merits judgment majority approach, the postjudgment interest rate in effect the week preceding the final judgment, .31%, shall apply to the entire attorneys' fees award ($178,144.28) calculated as of the January 25, 2010 final judgment until payment.

As a final matter, plaintiff seeks relief from the erroneous ruling under Rule 60. (Docket Entry # 85). At least one court in this district applies Rule 60(b) to correct postjudgment interest applicable to attorneys' fees. See Haddad Motor Group, Inc. v. Karp, Ackerman, Skabowski & Hogan, P.C., 716 F.Supp.2d 161, 162 (D.Mass. 2010). An alternative approach is to eschew the label and characterize the motion as seeking reconsideration of the errors of law and fact in the November 4, 2010 Memorandum and Order. See Ellis v. United States, 313 F.3d 636, 647-648 (1st Cir. 2002); Greene v. Union Mutual Life Insurance Company of America, 764 F.2d 19, 22 (1st Cir. 1985) (court has the inherent power to reconsider prior rulings); Ramos v. Roman, 83 F.Supp.2d

---

attorney fees") (emphasis added). The November 4, 2010 Memorandum and Order erroneously cited and quoted this subsection as imposing a mandatory fee award. (Docket Entry # 84, p. 7).

233, 236-237 (D.P.R. 2000); see also In Re Villa Marina Yacht Harbor, Inc., 984 F.2d 546, 548 (1st Cir. 1993); Harris v. Goldblatt Brothers, Inc., 659 F.2d 784, 786 (7th Cir. 1981) (reconsideration justified if initial ruling was made on inadequate record). Whether construed as a Rule 60(b) motion or as a motion for reconsideration, however, the motion (Docket Entry # 85) is meritorious.

Defendants' motion requesting a correction in the calculation of the postjudgment interest on the fee award correctly notes the error in the calculation. Nevertheless, the calculation defendants propose remains incorrect because it relies on the incorrect postjudgment interest rate of .41%. Accordingly, the motion (Docket Entry # 87) lacks merit.

Turning to the motion for supplemental attorneys' fees and additional postjudgment interest on such fees (Docket Entry # 82), defendants do not oppose the request. Plaintiff seeks fees in the amount of $17,062.50 for Attorney Nancy Richards-Stower ("Attorney Richards-Stower") and $4,465 for Attorney Jon Meyer ("Attorney Meyer").

The $17,062.50 fee for Attorney Richards-Stower reflects 48.75 hours of work at an hourly rate of $350. The hours spent are reasonable expenditures of time for the designated tasks

13

concerning the first fee petition, post trial motions and communications with plaintiff. While this court questions the approximately one hour of time spent in November 2009 regarding defendants' media postings, defendants did not object. See, e.g., Estate of McIntyre v. U.S., 2010 WL 3734019, *3 (D.Mass. Sept. 24, 2010). The time spent is brief and not excessive. In this court's discretion, it will be included in the award. See Heritage Homes of Attleboro, Inc. v. Seekonk Water Dist., 548 F.Supp. 167, 170 (D.Mass. 1982) (allowing time spent "analyzing newspaper clippings . . . which provided helpful information concerning defendant's discriminatory activities" albeit reducing the hours to 6.25). The hourly fee, which is supported by the prior declaration (Docket Entry # 46, Ex. 3), remains reasonable. The lodestar figure of $17,062.50 for Attorney Richards-Stower's services constitutes a reasonable fee without the need for an upward or downward adjustment.

The $4,645 fee for Attorney Meyer reflects four hours of work at an hourly rate of $85 for "PC" and 12.3 hours of work for Attorney Meyer at an hourly rate of $350. PC presumably refers to Attorney Meyer's assistant Patricia Carrel ("Carrel"). As explained in the November 4, 2010 Memorandum and Order, plaintiff does not adequately support the requested $85 hourly rate for Carrel. The failure remains inasmuch as plaintiff does not

address the $85 rate for Carrel's work.

The remaining 12.3 hours of work performed by Attorney Meyer reflects reasonable expenditures of time for the described tasks. The $350 hourly rate, however, lacks support.[8] The previous declaration explains the basis for Attorney Meyer's then standard fee of $325. (Docket Entry # 46, Ex. 5). The only support Attorney Meyer provides for the increased rate is a brevis declaration that $350.00 is "my standard hourly rate." (Docket Entry # 82, Ex. 3). In this court's discretion and for reasons previously explained (Docket Entry # 84), an hourly rate of $325 is reasonable and in line with rates of comparably skilled attorneys in the Boston area.

Multiplying the $325 hourly rate by the 12.3 hours results in a lodestar figure of $3,997.50 for Attorney Meyer's services. The figure does not warrant an upward or downward adjustment. Together with the foregoing $17,062.50 figure, plaintiff is entitled to a reasonable fee award of $21,060.

Plaintiff also requests postjudgment interest on the supplemental fee award at a rate of .36%. The .36% interest rate reflects the rate in effect for the week of November 6 to 12,

---

[8] In the first fee petition, plaintiff requested an hourly rate of $325 for Attorney Meyer.

2009. (Docket Entry # 82). As previously explained, the week preceding the November 24, 2009 verdict is not the correct accrual date for postjudgment interest under section 1961. By not opposing or addressing the issue of the supplemental fees or, more specifically, the accrual date of postjudgment interest on a supplemental fee award, defendants waived an argument that the interest accrues as of the quantum judgment date.[9] Plaintiff was undeniably entitled to a statutory fee award as of the January 25, 2010 final judgment. The .31% rate applicable in the week preceding the January 25, 2010 money judgment shall therefore apply.

CONCLUSION

The second motion for attorneys' fees and post judgment interest (Docket Entry # 82) is **ALLOWED** to the extent that plaintiff is entitled to a fee award of $21,060. Plaintiff's motion to re-calculate postjudgment interest (Docket Entry # 85) is also **ALLOWED**. Postjudgment interest on the November 4, 2010 attorneys' fee award of $178,144.28 and the $21,060 supplemental

---

[9] The waiver exists notwithstanding the obvious argument that postjudgment interest does not accrue until the fees are incurred.

16

fee award shall accrue as of the January 25, 2010 final judgment at a rate of .31% until payment.  Defendants' motion to correct the calculation (Docket Entry # 87) is **DENIED.**

                                               /s/ Marianne B. Bowler
                                          **MARIANNE B. BOWLER**
                                          United States Magistrate Judge